IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHIQUITA MILLER                                                               PLAINTIFF

V.                                                        CIVIL ACTION NO. 1:22-CV-005-SA-DAS

HOPE FEDERAL CREDIT UNION                              DEFENDANT

ORDER

Chiquita Miller, proceeding *pro se*, filed this action on January 10, 2022, alleging federal question jurisdiction.[1] On February 3, 2022, the Defendant filed a Motion [5] to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 2, 2022, after the Plaintiff failed to respond within the allotted time to do so, the Court entered an Order [8] to Show Cause, giving the Plaintiff an additional fourteen (14) days to respond to the Motion [5]. In that Order [8], the Court further informed the Plaintiff that, "[a]fter that time, the Court will rule on the merits of the Motion [5] without further notice regardless of whether the Plaintiff has filed a Response." [8] at p. 4. The Plaintiff has not responded to the Motion [5] and the time to do so has again passed.

*Factual and Procedural Background*

The Plaintiff provides no factual allegations in her Complaint [1]. However, the Plaintiff attached credit reports from Experian and Equifax as an exhibit to her Complaint [1]. *See* [1], Ex. 2. These reports seem to indicate that the Plaintiff opened an account with the Defendant on August 12, 2013; that the Plaintiff's account was first considered delinquent on October 1, 2015; and that

---

[1] The Court notes that the Plaintiff did not allege any particular form of jurisdiction—either federal question or diversity—in her Complaint [1]. However, in her Civil Cover Sheet, attached to her Complaint as Exhibit 3, she alleged federal question jurisdiction.

the account has since been charged off and was closed as of August 2016. The credit report from Equifax indicates that a reinvestigation is in progress.

*Dismissal Standard*

"When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff." *Runnels v. Banks*, 2012 WL 2839802 at *1 (S.D. Miss. July 10, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). It need not contain detailed factual allegations, but it must go beyond formulaic recitations of the elements of a cause of action, labels, or legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "To be plausible, the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

The Fifth Circuit has directed that *pro se* litigants should be held to a less stringent standard than practicing attorneys. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (internal citations omitted) ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Laurel Municipal Democratic Executive Committee v. Democratic Executive Committee*, 2006 WL

2925246 at *1 (S.D. Miss. Oct. 11, 2006) (quoting *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (internal citation omitted)).

*Analysis*

The Plaintiff asserts that "Hope Federal Credit Union furnished [her] banking information to credit reporting agencies without [her] permission. Hope Federal Credit Union stole [her] identity and sold it to credit reporting agencies. Hope Federal Credit Union has used abusive practices, deceptive practice, false representation, and fraud against [her]." [1] at p. 4. Ultimately, the Plaintiff seeks relief in the form of "a payment of $14,702.00 and this account removed from all credit reporting agencies immediately." *Id*.

The Defendant asserts that the Plaintiff's Complaint [1] should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because she has failed to make any factual allegations against the Defendant in support of her claims. The Plaintiff provided as an exhibit to her Complaint [1], an "Affidavit of Truth" in which she appears to state additional information regarding her claim against the Defendants. *See* [1], Ex. 1. In that Affidavit, it appears the Plaintiff is bringing claims for violations of the Fair Debt Collection Practices Act ("FDCPA") as follows:[2]

> Notice, it is a fact, that, I, the affiant am aware that pursuant to 15 U.S.C [sic] § 1692(a) states [sic] "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' [sic] HOPE

---

[2] The Defendant presumes in its Memorandum [6] that the Plaintiff intended to state claims against the Defendant for violation of the Fair Credit Reporting Act ("FCRA") because of the Plaintiff's reference to 15 U.S.C. § 1692(a) and 15 U.S.C. § 1681 *et seq*. This Court notes, however, that 15 U.S.C. § 1692 *et seq*. is considered the Fair Debt Collection Practices Act, not the FCRA. The Court also notes, though, that on her Civil Cover Sheet, the Plaintiff marked Consumer Credit statutes (15 U.S.C. §§ 1681 or 1692) for the nature of the suit. *See* [1], Ex. 3. Nevertheless, the Defendant argues that the Plaintiff has failed to state *any* cognizable claim against the Defendant.

3

> FEDERAL CREDIT UNION has violated 15 U.S.C [sic] § 1692(a) as shown in this affidavit herein.
>
> . . .
>
> Notice, it is a fact, that, I, the affiant am aware that pursuant to 15 U.S.C [sic] § 1692d(1) "the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person." [sic] HOPE FEDERAL CREDIT UNION used violence and caused harmed [sic] to I, the affiant, when HOPE FEDERAL CREDIT UNION sold my identifying information to credit reporting agencies.
>
> Notice, it is a fact, that, I, the affiant am aware that pursuant to 15 U.S.C§ [sic] 1692e(10) "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the [sic] consumer." [sic] HOPE FEDERAL CREDIT UNION sold my information to credit reporting agencies in attempt to collect a debt.
>
> Notice, it is a fact, that, I, the affiant am aware that pursuant to 15 U.S.C [sic] § 1692j(a) states [sic] " [sic] it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." HOPE FEDERAL CREDIT UNION furnish [sic] my banking information to credit reporting agencies without my permission. Exhibit A shows proof.
>
> Notice, it is a fact, that, I, the affiant am aware that pursuant to 15 U.S.C. § 1692k(a) states [sic] "except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damages [sic] sustained by such person as a result of such failure (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.["] HOPE FEDERAL CREDIT UNION has violated the laws listed in this affidavit herein and is now civilly liable.

[1], Ex. 1 at pgs. 2-3.

4

While the Fifth Circuit has not determined whether a plaintiff has a private right of action to bring a FCRA claim against a furnisher of information, as the Defendant asserts it is here, this Court has previously held that a plaintiff does have a private right of action against a furnisher of information under 15 U.S.C. § 1681s-2(b). *Taylor v. Chase Auto Financial Corp.*, 850 F.Supp.2d 637, 641-42 (N.D. Miss. 2012). Following this Court's precedent, in order to bring such a claim, the plaintiff must prove that: "(1) the furnisher provided inaccurate credit information about Plaintiff to a CRA; (2) Plaintiff notified a CRA that this information in his or her credit report was inaccurate; (3) the CRA notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors." *Dunegan v. Equifax Information Services, LLC*, 2020 WL 10833142, at *3 (N.D. Tex. July 21, 2020) (slip copy) (quoting *Schoch v. Wells Fargo Home Mortg.*, 2017 WL 2385626, at *4 (E.D. Tex. April 11, 2017) (internal citation omitted)). Notably, the Plaintiff's pleadings fail to plead any factual allegations regarding any of the four elements above. As such, any claim the Plaintiff has attempted to make under the FCRA cannot succeed and is therefore DISMISSED.

To the extent the Plaintiff has attempted to state a claim for a violation(s) of the FDCPA, the Court notes that the Plaintiff must prove: "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the debt at issue arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a 'debt collector' within the meaning of the statute; and (4) the defendant violated a provision of the FDCPA."[3] *Wood v. North Mississippi Medical Center, Inc.*, 2020 WL 8269547, at *2 (N.D. Miss. Oct. 23, 2020) (slip copy) (quoting 29

---

[3] While the Defendant has not specifically acknowledged the Plaintiff's attempt to raise a claim under the FDCPA in this case, the Defendant generally argued that the Plaintiff has failed to state *any* cognizable claim against the Defendant as the Plaintiff has failed to provide any factual allegations for her claims.

M. Wengert, Causes of Action § 9 (2d ed. 2005); *Snyder v. Cooke & Assocs., LLC*, 2010 WL 2569189, at *1 (N.D. Miss. June 23, 2010) (internal citation omitted) (listing elements one, three, and four)). Again, the Plaintiff has failed to plead any factual allegations regarding any of the four elements above. As such, any FDCPA claims the Plaintiff has attempted to raise are DISMISSED.

Additionally, the Plaintiff appears to bring a claim under criminal law for aggravated identity theft as follows:

> Notice, it is a fact, that, I, the affiant am aware that pursuant to 18 U.S.C [sic] § 1028A states [sic] "whoever, during and in relation to any felony violation enumerated in subsection c, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." HOPE FEDERAL CREDIT UNION sold the identity of I, the affiant, without my permission, to credit reporting agencies. Exhibit A shows proof. HOPE FEDERAL CREDIT UNION is now criminally liable.

[1], Ex. 1 at pgs. 2-3.

In order for the Plaintiff to have a private right of action under a criminal statute, "there must be 'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F.Supp.2d 673, 699 (S.D. Tex. 2014) (quoting *Prindle v. Lewis*, 2010 WL 4628077, at *2 (N.D. Tex. Oct. 8, 2010) (quoting *Cort v. Ash*, 422 U.S. 66, 95 S. Ct. 2080, 2088, 45 L.Ed.2d 26 (1975)). Here, the Plaintiff has failed to provide a statutory reason for why she is entitled to proceed with a private right of action under this criminal statute. As such, this claim must fail and is therefore DISMISSED. *Id*. at 699-70 (citing *Mathis v. DCR Mortgage III Sub, I, LLC*, 952 F.Supp.2d 828, 836 (W.D. Tex. 2013) (internal citation and parenthetical omitted)).

Finally, the Defendant acknowledges that the Plaintiff might be attempting to raise additional claims such as that the Defendant "stole" and "sold" her identity to CRAs and that the

Defendant used "false representation[s] and fraud" against her. [6] at pgs. 6-7. The Defendant again argues that any of those claims or any other claims, to the extent the Plaintiff has asserted them, ought to be dismissed for failure to meet the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure.[4] This Court agrees. Seeing as the Plaintiff has not plead any factual allegations in support of her claims, her Complaint must be DISMISSED.

*Conclusion*

For the reasons stated above, the Defendant's Motion [5] to Dismiss is GRANTED and the Plaintiff's claims are dismissed *with prejudice*. A Judgment consistent with this Order will be entered this day.

SO ORDERED, this the 22nd day of April, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[4] The Defendant asserts that since the Plaintiff has not met the general pleading requirements under Rule 8, then she has certainly not met the heightened pleading requirements for fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure.